IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN ROBERT DEMOS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DONALD JOHN TRUMP, Former U.S. President;<br><br>　　　　　　Defendant. | 8:24CV11<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before this Court on its own motion. On January 11, 2024, Plaintiff John Robert Demos ("Plaintiff"), a prisoner at the Stafford Creek Correctional Center ("SCCC") in Aberdeen, Washington, filed a complaint, Filing No. 1, and a motion to proceed in forma pauperis (the "IFP Motion"), Filing No. 2. Because the IFP Motion did not include a trust account statement, on January 29, 2024, the Clerk's Office sent a letter to SCCC requesting a certified copy of Plaintiff's institutional trust account for the past six months or for such lesser period as the Plaintiff has been incarcerated so this Court may address Plaintiff's IFP Motion, stating that "[f]ailure to respond [to the letter] will be looked upon as a refusal under NECivR 3.3(b)." Filing No. 5 at 1. To date, no response to this Court's January 29 letter to the SCCC has been received and Plaintiff's trust account statement has not been provided to this Court.

　　　　While the Court has requested a trust account statement from the SCCC, pursuant to the Prison Litigation Reform Act of 1995 (the "PLRA"), 28 U.S.C. § 1915(a)–(h), it is a *prisoner's duty* to provide the Court with a certified copy of their institutional trust account statement in support of a motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(2) (emphasis added) (a prisoner seeking to bring a civil action without

prepayment of fees or security must submit an application and affidavit to proceed without prepayment of fees and a certified copy of their trust fund account statement (or institutional equivalent) for the six-month period immediately prior to the filing of the complaint obtained from the appropriate official of the prison at which the prisoner is or was confined). As such, while the Court has requested the certified trust account statement from the SCCC, it is Plaintiff's duty to obtain it and provide it to the Court under the statute.

While this Court finds that the issuance of a second letter to SCCC is appropriate at this time, if the Court does not receive a response from the SCCC to its second letter (to be sent concurrently with the issuance of this order) by November 22, 2024, Plaintiff is on notice that he must obtain and submit his trust account statement to this Court by December 23, 2024, or this matter will be subject to dismissal without further notice unless Plaintiff seeks a continuance of the December 23 deadline prior to its expiration. The Court notes, however, that Plaintiff need not wait until the November 22, deadline for the SCCC to respond and may supply a *certified* copy of his trust account statement to expedite the case's progression at any time.

IT IS THEREFORE ORDERED that:

1. The Clerk of Court is directed to issue a second letter to the Stafford Creek Correctional Center requesting Plaintiff's trust account statement be submitted to this Court.

2. If a response to the Court's second letter to the Stafford Creek Correctional Center is not received by November 22, 2024, Plaintiff shall have until **December 23, 2024**, to submit his certified trust account statement to this Court or move for a

continuance of that deadline, or this matter will be subject to dismissal without further notice.

    3. The Clerk of Court shall set a pro se case management deadline using the following text: **December 23, 2024:** deadline to receive trust account statement or motion to continue deadline.

Dated this 23rd day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court