IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN ROBERT DEMOS,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD JOHN TRUMP, Former U.S. President;<br><br>Defendant. | 8:24CV11<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff John Robert Demos' "Motion to Upgrade the Lawsuit to Imminent Danger Status" (the "Imminent Danger Motion") Filing No. 13, which the Court construes as responsive to its November 11, 2024, Memorandum and Order, Filing No. 11 (which was issued in response to an in forma pauperis ("IFP") Motion filed by Plaintiff, Filing No. 2) and his formal response to the Court's Memorandum and Order, Filing No. 12. For the reasons that follow, the Imminent Danger Motion shall be granted only to the extent Plaintiff sought to have the arguments presented in the motion considered by this Court when addressing the Court's Memorandum and Order. However, the relief sought shall be denied, as shall Plaintiff's IFP motion, and the case shall be dismissed without prejudice.

The Court's Memorandum and Order, Filing No. 11, ordered Plaintiff to show cause why he is entitled to proceed IFP pursuant to 28 U.S.C. § 1915(g) after the Court identified three or more prior cases brought by Plaintiff which were "strikes" against him per the terms of the Prison Litigation Reform Act ("PLRA"). Filing No. 11. In response, Plaintiff argues he is exempt from the three strikes provision of the PLRA and should be allowed to proceed IFP as

he is in imminent danger of serious physical injury due to what Plaintiff argues is an upcoming "constitutional crisis" between "Trump Supporters and Anti-Trump Supporters," and a hypothetical upcoming civil war. Filing No. 13 at 7.

The PLRA prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). As set forth in the Court's Memorandum and Order, Plaintiff has acquired many more than "three strikes," rendering Section 1915(g) applicable to his request to proceed IFP. *See* Filing No. 11 at 1–2.

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Id.* Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g), *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), nor are purely hypothetical claims of potential harm, *Williams v. Morrison*, No. 2:23-CV-60 PLC, 2023 WL 7688834, at *2 (E.D. Mo. Nov. 15, 2023). Instead, a plaintiff must plead "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050.

Here, Plaintiff's allegations that a potential and purely hypothetical civil war triggered by animosity between individuals based on their support, or lack thereof, for the sitting president of the United States, *see* Filing Nos. 12 and 13, do not meet the imminent danger standard. As such, the Court finds that Plaintiff has failed to demonstrate that he is under imminent danger of serious

physical harm and he, therefore, is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g).

IT IS THEREFORE ORDERED:

1. The Imminent Danger Motion, Filing No. 13, shall be granted only to the extent Plaintiff sought its consideration by this Court when addressing the November 11, 2024, Memorandum and Order. The remainder of the Imminent Danger Motion, including the relief sought, is denied.

2. Plaintiff's IPF motion, Filing No. 2, is also denied.

3. The Plaintiff's complaint is dismissed.

4. A separate judgment will be entered.

Dated this 14th day of March, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge